FILED

2010 MAY 24 AM 11: 59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH PASCHELKE,<br>BOP #05698-298,<br><br>                                    Plaintiff,<br><br>vs.<br><br>JOHN DOE, Corrections Officer;<br>JOHN DOE, Warden at Donovan State<br>Prison; ROBERT HERNANDEZ, Warden;<br>JOHN DOE, Medical Staff Supervisor,<br><br>                                    Defendants. | Civil No.    09cv2657 W (WVG)<br><br>**ORDER DIRECTING U.S. MARSHAL<br>TO EFFECT SERVICE OF<br>AMENDED COMPLAINT<br>PURSUANT<br>TO FED.R.CIV.P. 4(c)(3)<br>& 28 U.S.C. § 1915(d)** |

## I.

### PROCEDURAL HISTORY

On November 23, 2009, Elijah Paschelke ("Plaintiff"), a federal inmate currently incarcerated at Federal Correctional Institution located in Adelanto, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claimed his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility in 2007.

/ / /

1   On February 17, 2010, this Court  granted Plaintiff's Motion to Proceed IFP, but sua

2   sponte dismissed his Complaint for failing to state a claim upon which relief could be granted

3   pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Feb. 17, 2010 Order at 7-8.  On April 22,

4   2010, after receiving an extension of time, Plaintiff filed his First Amended Complaint ("FAC").

5                                        **II.**

6                **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)**

7   As previously discussed in its February 17, 2010 Order, because Plaintiff is proceeding

8   IFP and is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must also review his

9   Amended Complaint sua sponte before service, and dismiss the entire action, or any part of his

10  Amended Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from

11  defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203

12  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits

13  but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state

14  a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

15  Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C.

16  § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203

17  F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.

18  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A

19  mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to

20  dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P.

21  4(c)(3). *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05

22  (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before

23  service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194

24  (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

25  "[W]hen determining whether a complaint states a claim, a court must accept as true all

26  allegations of material fact and must construe those facts in the light most favorable to the

27  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

28  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005).  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]  Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.      The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 9] upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified

---

[1]  Plaintiff identifies several of the Defendants as "Does."  As a general rule, the use of "doe" pleading to identify unknown defendants is disfavored.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).  Unknown defendants may be included in a complaint when the identities of the alleged defendants are not known prior to the filing of the complaint, but may be identified through discovery.  *Id.*  Plaintiff is ultimately responsible for determining the identity of the John Doe Defendants and thereupon requesting the Court to issue a Summons and direct service upon them, and is cautioned that "authorities clearly support the proposition that John Doe defendants must be identified and served within 120 days of the commencement of the action" against them, and may be dismissed for failure to effect service after that time unless Plaintiff can show good cause for the failure to timely serve them. *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (citing *Gillespie*, 629 F.2d at 643); FED. R. CIV. P. 4(m) & 15(c)(1).

1   copy of this Order, the Court's February 17, 2010 Order granting Plaintiff leave to proceed IFP

2   [Doc. No. 3], and certified copies of his First Amended Complaint and the summons for

3   purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed

4   to complete the Form 285s as completely and accurately as possible, and to return them to the

5   United States Marshal according to the instructions provided by the Clerk in the letter

6   accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the First

7   Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form

8   285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d);

9   FED.R.CIV.P. 4(c)(3).

10          2.      Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended

11   Complaint within the time provided by the applicable provisions of Federal Rule of Civil

12   Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

13   to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

14   other correctional facility under section 1983," once the Court has conducted its sua sponte

15   screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

16   determination based on the face on the pleading alone that Plaintiff has a "reasonable

17   opportunity to prevail on the merits," Defendants are required to respond).

18          3.      Plaintiff shall serve upon Defendants or, if appearance has been entered by

19   counsel, upon Defendants' counsel, a copy of every further pleading or other document

20   submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

21   filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

22   of any document was served on Defendants, or counsel for Defendants, and the date of service.

23   Any paper received by the Court which has not been filed with the Clerk or which fails to

24   include a Certificate of Service will be disregarded.

25

26   DATED:  _____5/24/10_____

27                                               HON. THOMAS J. WHELAN
                                                 United States District Judge

28