UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH BEN PASCHELKE,<br><br>                          Plaintiff,<br>  v.<br><br>ROBERT HERNANDEZ, et al.,<br><br>                       Defendants. | CASE NO. 09-CV-2657 W (WVG)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 29] AND (2) GRANTING IN-PART AND DENYING IN-PART DEFENDANTS' MOTION TO DISMISS [DOC. 22]** |

      On November 23, 2009, Plaintiff Elijah Ben Paschelke, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights.

      On March 16, 2011, Defendants filed the pending motion to dismiss the First Amended Complaint ("FAC"). [Doc. 22.] The motion sought dismissal for failure to exhaust administrative remedies and failure to state a claim.

      On March 16, 2011, Magistrate Judge William V. Gallo notified Plaintiff that Defendants filed a motion to dismiss for failure to exhaust, and provided instructions on what additional information Plaintiff was required to provide to survive dismissal. [*See* Doc. 23.] On April 19, 2011, Plaintiff filed his opposition, and Defendants filed their reply on May 10, 2011.

On October 28, 2011, Magistrate Judge Gallo issued a Report and Recommendation ("Report"), recommending that the Court grant the motion to dismiss for failure to exhaust administrative remedies. Alternatively, the Report recommended that the motion be denied in part and granted in part. The Report also ordered that any objections were due by November 28, 2011, and any reply by December 16, 2011. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See Mayle v. Felix, 545 U.S. 644, 654 (2005) (Acknowledging that a "discrete set of Rules governs federal habeas proceedings launched by state prisoners.")  Rule 8(b) provides that a district judge "must determine de novo any proposed finding or recommendation to which objection is made." In United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), the Ninth Circuit interpreted identical language in 28 U.S.C. 636(b)(1)(c) as making clear that "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." (emphasis in original); see also Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is **only** required when an objection is made to the R & R.") (emphasis added) (citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (same).

The Court recognizes that other district courts within the Ninth Circuit have previously held that de novo review of the magistrate judge's findings of law is required even where the prisoner does not object. See Johnson v. Nelson, 142 F.Supp.2d 1215, 1217 (S.D.Cal. 2001); Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D.Cal.

2006); Cordeiro v. Hernandez, 2010 WL 364193 (S.D.Cal. 2010). These cases, however, are all rooted in the Ninth Circuit's decision in Britt v. Simi Valley Unified School District, 708 F.2d 452 (9th Cir. 1983). The Court finds that reliance on Britt is no longer appropriate given the Ninth Circuit's more recent en banc decision in Renya-Tapia. See Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that Renya-Tapia overruled Britt's requirement that district court's review findings of law even where no objections is filed).

Accordingly, because neither party has filed an objection, the Court accepts Judge Gallo's recommendation, and **ADOPTS** the Report [Doc. 29] in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **GRANTS** Defendants' motion to dismiss [Doc. 22] on the ground that Plaintiff has failed to exhaust his administrative remedies, and **DISMISSES** this case **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: January 11, 2012

Hon. Thomas J. Whelan
United States District Judge